ENTERED
COUNSEL/PARTIES OF RECORD
AUG - 6 2009
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KIM SCHREIER, <br> Plaintiff, <br> vs. <br> MICHAEL J. ASTRUE, <br> Commissioner, <br> Social Security Administration, <br> Defendants. | 3:08-cv-00223-LRH (VPC) <br><br> **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** <br><br> August 4, 2009 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

Before the court is plaintiff's motion for reversal of the Commissioner's decision (#11). Defendant opposed and filed a cross-motion for summary judgment (#12). Plaintiff did not file a reply. For the reasons set forth below, the court recommends that plaintiff's motion for reversal (#11) be denied and defendant's cross-motion for summary judgment (#12) be granted.

## I. ADMINISTRATIVE PROCEEDINGS

On January 21, 2004, plaintiff Kim Marie Schreier ("plaintiff") filed an application for Supplemental Social Security disability insurance benefits (AR 59, 71). Plaintiff alleged disability based on Schizo-affective disorder depressed type and a history of lumbothoracic strain (AR 59-60). Plaintiff's claim was denied initially (AR 62-66) and on reconsideration (AR 67-69). On May 18, 2006, a hearing was held before Administrative Law Judge ("ALJ") Mark C. Ramsey, where plaintiff was represented by attorney Dennis A. Cameron (AR 17-35 (opinion); AR 473-513 (transcript)). The ALJ filed a written opinion on October 24, 2006, in which he

upheld the denial of plaintiff's claim (AR 17-35). Plaintiff requested administrative review on December 6, 2006 (AR 15), and the Appeals Council denied review on February 28, 2008, making the ALJ's decision final (AR 6-8). Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on April 28, 2008 (#1).

## II. BACKGROUND

Plaintiff was born on December 12, 1967, and was thirty-eight years old at the time of her hearing (AR 476). Plaintiff completed eighth grade (AR 476-77). Plaintiff's last employment that lasted longer than six months was as a cashier and cook in a fast food restaurant (AR 477). Plaintiff's other past employment includes a change person in a casino, a telemarketer, a cashier in a convenience store, and as a lock assembler. *Id.* However, of these, only plaintiff's position as a change person lasted longer than six months. *Id.* Plaintiff alleges that she became disabled on May 13, 2003, due to post-traumatic stress disorder, panic disorder, diabetes mellitus, hypothyroidism, hepatitis C, gastroephageal reflux disorder, degenerative disc disease of the cervical spine, and degenerative disc disease of the lumbar spine with an L1 compression deformity (AR 71, #9, p. 2). Plaintiff previously filed an application for Social Security Insurance benefits on November 19, 2001, alleging disability beginning on July 21, 2001. This claim was denied initially in April 2002 and upon reconsideration in July 2002 (AR 20). A hearing was held before an ALJ on April 17, 2003, and the ALJ denied plaintiff's claim for benefits on May 13, 2003. *Id.* In the 2006 decision, the ALJ found that because plaintiff did not request further review of the May 2003 unfavorable decision, that decision became final and binding (AR 21).

Following the 2006 hearing, the ALJ found plaintiff not disabled because she was capable of performing work that exists in significant numbers in the national economy (AR 33). Specifically, the ALJ made the following findings:

    1.    The claimant has not engaged in substantial gainful

2

activity since the alleged onset of disability.

2. The claimant's posttraumatic stress disorder, schizoaffective disorder, panic disorder, diabetes mellitus, hypothyroidism, hepatitis C, gastroesophageal reflux disorder, degenerative disc disease of the cervical spine, and degenerative disc disease of the lumbar spine with an L1 compression deformity are considered "severe" based on the requirements in the Regulations 20 CFR § 416.920(c).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

5. The claimant retains the residual functional capacity for a full range of light exertional work, except that she requires a sit/stand option. The claimant should have a task-oriented job, rather than one that involves group effort. The claimant should have no more than occasional contact with the public at large. The claimant can understand, remember and carry out simple job instructions or tasks, but not complex job instructions or tasks.

6. The claimant is unable to perform any of her past relevant work (20 CFR § 416.965).

7. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR § 416.963).

8. The claimant has a "limited education" (20 CFR § 416.964).

9. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §416.968).

10. The claimant has a residual functional capacity to perform a significant range of light work (20 CFR § 416.967).

11. Although the claimant's exertional limitations do not allow her to perform the full range of light work, based on

> the testimony of the vocational expert, Social Security Rulings 85-10 and 85-15 and the claimant's age, education, work experience and residual functional capacity as described above, the claimant is able to make a successful adjustment to work that exists in significant number in the national economy; a finding of "not disabled" is therefore found within the framework of Rule 202.17 of the Medical Vocational Guidelines of Appendix 2, Subpart P, Regulations No. 4. Examples of such... work includes 1800 sedentary and unskilled almond blancher jobs, 2500 sedentary and unskilled dowel inspector jobs, and 16,000 light and unskilled toll collector jobs.
>
> 12. The claimant was not under a "disability," as defined in the Social Security Act, at any times through the date of this decision (20 CFR § 416.920(g)).

(AR 34-35).

## III. STANDARD OF REVIEW

The court must uphold the decision of an administrative law judge if the ALJ properly applied the correct legal standards and his findings of fact are supported by substantial evidence in the record. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala*, 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), *citing Smolen*, 80 F.3d at 1279. "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings. However, if the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted). The ALJ alone is responsible for determining credibility, and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

## IV. DISCUSSION

### A. Legal Framework

Pursuant to the SSA, the Secretary has adopted regulations which establish a formalized, five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Administrative Law Judge considers: (1) whether the person is engaging in substantial gainful activity; (2) severity of the alleged impairment; (3) whether the impairment meets or equals a listed impairment and meets the duration requirement; (4) whether the individual is capable of doing work he or she has done in the past; and (5) whether the impairment prevents the person from doing any other work. *Id.* If at any point in the five-step inquiry it is determined that a claimant is or is not disabled, further review is unnecessary.

### B. Administrative Res Judicata

Plaintiff argues that the defendant failed to provide a full and accurate transcript of the entire record of the proceedings related to this case because he did not include the transcript of the administrative hearing from plaintiff's 2003 disability case (#11, p. 4-5). Defendant's position is that, under the doctrine of res judicata, plaintiff is precluded from "challenging or otherwise reviewing the sufficiency of the evidence supporting the findings and determination of the 2003 ALJ decision - which is what she is attempting to do by complaining that the evidence from the 2003 ALJ decision is missing from the present case record" (#12, p. 5, citing *Chavez v. Bowen*, 844 F.2d 691, 692 (9th Cir. 1988)).

#### 1. *Chavez v. Bowen* and Acquiescence Ruling 97-4(9)

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez*, 844 F.2d at 693. To overcome a presumption of non-disability which arises from a previous ALJ's finding

5

of non-disability, a Social Security disability claimant must prove "changed circumstances" which indicate a greater disability." *Id.*, citing *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). Although the court found that the plaintiff's change in age (attainment of "advanced age" status) created a "changed circumstance," it nonetheless held that the first ALJ's findings "concerning the claimant's residual functional capacity, education, and work are entitled to some res judicata consideration in subsequent proceedings." *Chavez*, 844 F.2d at 694.

Following the Ninth Circuit's ruling in *Chavez*, the Social Security Administration ("SSA") adopted Acquiescence Ruling 97-4(9) to explain how the SSA will apply *Chavez* within the Ninth Circuit. Aq. Ruling 97-4(9), 1997 WL 742758. The ruling applies "only to cases involving a subsequent disability claim with an unadjudicated period arising under the same title of the Act as a prior claim on which there has been a final decision by an ALJ or the Appeals Council that the claimant is not disabled. *Id.* \*3. The ruling directed adjudicators to follow a two-step inquiry. *Id.* First, adjudicators must apply a presumption of continuing non-disability. A "claimant may rebut this presumption by showing a "changed circumstance" affecting the issue of disability with respect to the unadjudicated period."[1] *Id.* Second, if the claimant rebuts the presumption, adjudicators must give effect to certain findings "contained in the final decision by an ALJ or the Appeals Council on the prior claim, when adjudicating the subsequent claim," including the findings of a claimant's residual functional capacity, education, or work experience. *Id.* "Adjudicators must adopt such a finding from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there

---

[1] The Acquiescence Ruling states: "e.g., a change in the claimant's age category under 20 CFR 404.1563 or 416.963, an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment(s) not previously considered, or a change in the criteria for determining disability." *Id.*

6

is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." *Id.*

### 2.   Analysis

In his 2006 decision, the ALJ acknowledged that plaintiff had filed an earlier claim for Social Security disability benefits in 2001, which was finally denied by an ALJ in 2003 (AR 20). The ALJ specifically stated that because plaintiff did not appeal the unfavorable 2003 ALJ decision, that decision became final and binding; therefore, the doctrine of res judicata applied to the issue of whether plaintiff was disabled prior to the May 13, 2003 hearing (AR 21). The ALJ addressed the applicability of Acquiescence Ruling 97-4(9), and determined that plaintiff had rebutted the presumption of continuing non-disability by submitting additional medical records, which established the existence of new severe impairments, and which constituted "changed circumstances." *Id.* Therefore, the ALJ continued his analysis to determine whether plaintiff presented new and material evidence related to the ALJ's 2003 findings regarding her RFC, education, or work experience since the 2003 ALJ decision. *Id.*

The ALJ discussed plaintiff's medical history and daily activities in significant detail before making a determination on plaintiff's RFC (AR 23-28). The ALJ stated: "After carefully considering the entire record, including the medical evidence and subjective complaints, the undersigned has determined that the claimant *continues to retain the residual functional capacity as described by the previous Administrative Law Decision dated May 13, 2003*" (AR 28) (emphasis added). The ALJ specifically found that plaintiff's RFC limited her to jobs in which she would be allowed an at will sit/stand option. *Id.* Further, plaintiff's age category, education, and work experience remained unchanged from the 2003 ALJ decision (AR 32). Therefore, because plaintiff's RFC, age category, education, and work experience were the same, the ALJ

7

adopted "the findings previously made with respect to the questions of whether the claimant could perform the requirements of her past relevant work and whether other jobs exist in significant numbers in the national economy that she can perform." *Id.* As such, the ALJ found that plaintiff could not perform the requirements of her past relevant work. *Id.* However, based on the testimony of the vocational expert ("VE") at the 2003 hearing, the ALJ found that there exists a significant number of jobs in the national economy that plaintiff is capable of performing. *Id.*

In the 2003 ALJ decision, the ALJ found that plaintiff had the RFC to "perform a fully range of light exertional work, which involves lifting and carrying 20 pounds occasionally and 10 pounds frequently, *except that she requires and at will sit/stand option....*" (AR 52) (emphasis added). To determine if plaintiff could perform her past relevant work or other work that exists in significant numbers in the national economy, the ALJ asked the VE "to assume a hypothetical person with the same age and education as the claimant and to further assume that the person retains the residual functional capacity to perform a full range of light exertional work, *except that she requires an at will sit/stand option....*" (AR 55). The VE found that plaintiff could not perform her past relevant work but that she could perform three jobs existing in significant numbers in the national economy, namely almond blancher, dowel inspector, and toll collector, as each job accommodates "the particular limitations of the hypothetical" (AR 56). Therefore, the VE and the ALJ in the 2003 decision took plaintiff's at will sit/stand limitation into account to determine that plaintiff could perform jobs that existed in significant numbers in the national economy.

Plaintiff claims that the court must determine if the evidence the VE gave during plaintiff's 2003 hearing "was sufficient to support his testimony that the positions of almond blancher dowel inspector, and toll collector could be performed by an individual who would need to alternate sitting and standing at will" (#11, p. 6). Plaintiff contends that the court cannot make such a

8

determination because defendant did not provide the transcript from plaintiff's 2003 hearing, and "[f]ailure to provide the transcript has made it impossible for this court to provide a full and fair review of the relevant evidence." *Id.* p. 5. Plaintiff maintains that she cannot perform these jobs and that the ALJ has not provided sufficient evidence that these jobs can accommodate an at will sit/stand options. *Id.* p. 6. Plaintiff makes no mention of res judicata and does not discuss how it may affect this case.

Defendant's position is that "the question of whether the VE's testimony in the 2003 hearing is sufficient to support the 2006 ALJ decision is foreclosed by the application of administrative res judicata" (#12, p. 8). The court agrees. It is uncontested that defendant did not include the transcript from plaintiff's 2003 hearing in the administrative record. However, defendant did include the 2003 ALJ decision (AR 45-58). This decision demonstrates that plaintiff was previously found to be not disabled in 2003. As such, in his 2006 decision, the ALJ correctly applied the standards set forth in *Chavez* and in Acquiescence Ruling 97-4(9). The ALJ found that plaintiff had rebutted the presumption of non-disability because she had demonstrated "changed circumstances;" therefore, he continued to step two of the Acquiescence Ruling, and discussed and analyzed all of plaintiff's medical records from 2003 through 2006, which he found to be "new and material evidence." After reviewing these records, the ALJ concluded that plaintiff retained the exact same RFC as was found in the 2003 ALJ decision. Plaintiff also remained in the same age category and had the same education and work experience as in the 2003 ALJ decision. Therefore, because all relevant findings related to plaintiff's disability remained the same, the ALJ was able to adopt the findings from the 2003 ALJ decision "with respect to the questions of whether the claimant could perform the requirements of her past relevant work and whether other jobs exist in significant numbers in the national economy that she could perform"

9

(AR 32). As such, the ALJ correctly applied the VE testimony from the 2003 ALJ decision.

If plaintiff wished to challenge the 2003 ALJ decision, she had the opportunity to request a review from the Appeals Council and to seek judicial review immediately following that decision. Plaintiff cannot now challenge the sufficiency of evidence before the ALJ in the 2003 decision. Such a challenge is barred by administrative res judicata. Plaintiff failed to even mention res judicata or give reasons why it may not apply in this case. As the 2006 ALJ decision found that plaintiff had the same RFC, age, education, and work experience as in 2003, it was appropriate for the 2006 ALJ to adopt the findings of the 2003 ALJ.

Moreover, it is apparent that the VE and the ALJ in the 2003 decision did take plaintiff's sit/stand limitations into account to determine that plaintiff could perform at least three jobs that exist in significant numbers in the national economy. The ALJ's hypothetical to the VE at the 2003 hearing expressly stated that plaintiff could only perform jobs that allowed her to sit and stand at will (AR 55). Further, the ALJ in the 2006 decision also expressly noted plaintiff's sit/stand limitations. It is unclear why plaintiff believes that the VE's testimony was insufficient given that the ALJ's hypothetical included an at will sit/stand limitation. Plaintiff states that "unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will" (#11, p. 6). However, plaintiff presents no evidence that the particular jobs identified by the VE do not include an at will sit/stand option, particularly given that the VE and ALJ found such jobs would accommodate plaintiff's particular sit/stand limitations. The ALJ properly applied the correct legal standards and his findings of fact are supported by substantial evidence in the record. Therefore, the court affirms the ALJ's decision.

## V. CONCLUSION

Based on the foregoing, the court recommends that the plaintiff's motion for reversal of the Commissioner's decision (#11) be **DENIED** and defendant's cross-motion for summary judgment (#12) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the plaintiff's motion for reversal of the Commissioner's decision (#11) be **DENIED** and defendant's cross-motion for summary judgment (#12) be **GRANTED**.

DATED: August 4, 2009

_____
UNITED STATES MAGISTRATE JUDGE